A02A1423. HERSI v. THE STATE.
(570 SE2d 365)

BARNES, Judge.

A jury convicted Saeed Hersi of aggravated assault and aggravated battery, and the trial court sentenced him to serve five years of a twelve-year sentence. He appeals, contending that his trial counsel was ineffective for selecting Hersi's brother "to act as an interpreter," and that the lack of an adequate interpreter violated his rights to due process and to confront the witnesses against him. For the reasons that follow, we affirm the conviction.

The evidence at trial established that Hersi, the victim, and several other men had gathered at Hersi's apartment to watch soccer on April 6, 1998. Hersi's roommate testified that everyone was drinking and having a good time, and then after the game, Hersi and the victim began to talk to each other in Somali, which the others could not understand. The victim testified that Hersi had been harassing the women who lived upstairs, calling them names and trying to get them to talk to him, so the victim asked Hersi several times to leave. Instead, Hersi stood at the doorway cursing and pushing the victim, and then struck him with a bottle.

The victim testified that he grabbed a broomstick for defense, and the two men went outside. His roommate testified that he saw the victim on his back on the ground, holding the broomstick in front of his face with both hands up. Hersi hit the broomstick and broke it

---

in two and then began cutting the victim with a broken bottle, three times on his right arm, once on his left arm, the back of his head, his face, his upper back, his leg, and on his hands. The victim testified that he lost consciousness and woke in the hospital, where he had more than 100 stitches. His left hand is now totally disabled due to nerve damage from one of the cuts. The roommate saw no injuries on Hersi, who was two or three inches taller than the victim.

1. Hersi alleges that his trial counsel was ineffective for failing to obtain an adequate interpreter for him. "In order to establish a claim of ineffective assistance of counsel, the appellant must show both that counsel's performance was deficient and that a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984)." *Davis v. State*, 221 Ga. App. 131, 133 (3) (470 SE2d 520) (1996).

Trial counsel testified at the motion for new trial hearing that he met with Hersi about ten times before trial, and that his brother and sister were always present. He could communicate directly with Hersi to some extent; while Hersi was not fluent in English, he had a working ability to communicate, and his brother helped explain anything that Hersi was not clear about. Hersi did not have extensive education, and trial counsel was concerned enough to request that the trial court allow Hersi's brother to sit at counsel table to interpret anything Hersi did not understand. During "hours and hours" of conversation with Hersi on many occasions, there was never a single instance when Hersi's brother could not comprehend everything, so trial counsel knew that the brother was competent to explain any questions Hersi had. It was trial counsel's impression that Hersi understood everything that was said at trial; counsel used an official interpreter for Hersi's testimony out of "an abundance of caution," not because Hersi could not understand the proceedings. Trial counsel also testified that Hersi's brother made a very good appearance, and for reasons of trial strategy, counsel wanted him seated at the defense table.

"The use of an interpreter, and the extent to which he may be used in the examination of a witness, must necessarily lie within the sound discretion of the trial judge." (Citations and punctuation omitted.) *Gonzales v. State*, 182 Ga. App. 594 (356 SE2d 545) (1987). We have carefully examined the record in this case and conclude that defendant's command of the English language, although not perfect, was such that the absence of an official interpreter other than his brother clearly did not result in a denial of his right to meaningfully participate in the proceedings against him. Additionally, Hersi has not pointed to any specific harm that befell him due to his alleged

failure to understand the proceedings, or which part of the proceedings he did not understand. Therefore, the trial court did not err in concluding that trial counsel was not ineffective for failing to obtain an official interpreter for Hersi's use at trial. See *Choi v. State*, 269 Ga. 376, 377 (3) (497 SE2d 563) (1998); *Meja v. State*, 232 Ga. App. 548, 549 (2) (502 SE2d 484) (1998).

2. Hersi also contends that the lack of an adequate interpreter violated his rights to due process and to confront the witnesses against him. While Hersi's brother testified at the motion for new trial hearing that trial counsel never talked to Hersi about his right to testify or not, about using an interpreter, about his ability to understand English, or about a guilty plea, trial counsel testified to the contrary. He testified that he held numerous conversations with Hersi and his brother about the legal process, and talked a great deal about Hersi's right to testify or not testify. He discussed plea negotiations extensively with Hersi and with the prosecution, but Hersi was convinced he would be deported upon any felony conviction and thus did not plead guilty. Further, Hersi and trial counsel had extensive discussions about having an interpreter during Hersi's testimony and the importance of not lapsing into English while he was testifying.

The trial court obviously believed trial counsel's testimony that Hersi understood a great deal of the proceedings and trial testimony, and that counsel held numerous conversations with Hersi regarding his rights during the trial. "[W]e cannot say that this credibility determination was clearly erroneous." *Young v. State*, 254 Ga. App. 262, 264 (1) (562 SE2d 231) (2002). Therefore, the trial court did not err in denying Hersi's motion for new trial.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 16, 2002 —

*Laila A. Washington*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys*, for appellee.