A04A0096. PRITCHETT v. THE STATE.
(594 SE2d 377)

BLACKBURN, Presiding Judge.

Following a jury trial, Telly Montana Pritchett appeals his armed robbery[1] conviction, contending the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[2] The verdict must be upheld if any rational trier

---

[9] Id. at 727.
[10] See *Butts*, supra.
[1] OCGA § 16-8-41 (a). The jury also convicted Pritchett of robbery, OCGA § 16-8-40 (a), for a separate incident. Pritchett does not challenge that conviction in this appeal.
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Green v. State.*[3]

Viewed in this light, the evidence shows that Pritchett and an accomplice entered a Pizza Hut restaurant on Memorial Drive and ordered a pizza. After having a conversation with the restaurant's manager, Pritchett sat on a bench and waited for the pizza to be prepared. When his pizza was ready, Pritchett approached the restaurant's counter and pulled out a gun. Pritchett told the manager and a cashier to give him the money out of the cash register. Pritchett laid the gun on the counter, then jumped onto the counter and grabbed the cash register drawer. Pritchett took the cash register drawer and the checks stored under the drawer and left the restaurant with his accomplice.

The robbery was captured on the restaurant's videotape system. The cash register drawer and a Crossman BB pistol were later found a short distance from the restaurant.

Pritchett contends the evidence was insufficient to support his conviction for armed robbery because he did not point the gun at either victim and, thus, did not use the gun "to effectuate the robbery." This contention is meritless.

"The offense of armed robbery does not require that the robber use an offensive weapon in a menacing or threatening manner to accomplish the robbery." *Carter v. State.*[4] "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). "The element of 'use' is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery." *Oliver v. State.*[5] See also *Carter*, supra.

Both the restaurant manager and cashier saw Pritchett pull out the gun and lay it on the counter. Although Pritchett did not point the gun at either restaurant employee, both testified that they decided not to resist Pritchett because he had a gun. There was sufficient evidence to authorize the jury to find that Pritchett used the gun to effectuate the robbery.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

---

[3] *Green v. State*, 249 Ga. App. 546, 548-549 (1) (547 SE2d 569) (2001).
[4] *Carter v. State*, 257 Ga. App. 620, 622 (1) (571 SE2d 831) (2002).
[5] *Oliver v. State*, 232 Ga. App. 816, 817 (1) (503 SE2d 28) (1998).

DECIDED JANUARY 8, 2004 —
RECONSIDERATION DISMISSED FEBRUARY 6, 2004.

*Virginia W. Tinkler*, for appellant.
Telly Pritchett, *pro se*.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.