A05A0580. In re E. A. D., a child.

(610 SE2d 153)

BLACKBURN, Presiding Judge.

Following a bench trial, E. A. D., a minor child, appeals her adjudication of delinquency for trafficking cocaine, contending that the evidence was insufficient to support the verdict. Because the State failed to prove any connection between E. A. D. and the drugs other than spatial proximity, we reverse.

> In considering an appeal from an adjudication of delin-
> quency, we view the evidence in the light most favorable to
> the prosecution to determine if a rational trier of fact could
> have found, beyond a reasonable doubt, that the juvenile
> committed the acts charged. The evidence is considered
> under the standard of *Jackson v. Virginia*,[1] with all reason-
> able inferences construed in favor of the juvenile court's
> findings.

(Citation omitted.) *In the Interest of R. W.*[2]

Viewed in this light, the record shows that Tyrone Boynton was serving probation for possession of cocaine, and, as a condition of his probation, he agreed that his home could be subjected to a search at any time. Pursuant to this condition of Tyrone Boynton's probation, the police entered his home at 2:30 one morning after they had received information that Tyrone Boynton was selling drugs from his home.[3] After the front door was opened by an occupant, the police entered the home and found E. A. D. sitting on a couch in the living room, Roger Boynton sitting on another couch in the living room, and Tyrone Boynton and another juvenile girl in the bedroom. It is undisputed that E. A. D. was merely a visitor to Tyrone Boynton's home, not a resident.

In the ensuing search of the home, police discovered large amounts of crack cocaine hidden in Tyrone Boynton's bedroom and kitchen, and also discovered approximately $13,000 in cash. None of the contraband was out in the open and generally visible. In addition, police found a plastic bag containing approximately 15 rocks of crack cocaine weighing 42 grams located under the cushion of the sofa where E. A. D. had been sitting. The police officers who conducted the search further testified, however, they had no idea how long E. A. D.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *In the Interest of R. W.*, 257 Ga. App. 488 (571 SE2d 485) (2002).

[3] The propriety of the search has not been contested.

had been in the home, they did not know the purpose of her visit, and they never saw her put anything under the cushions of the couch.

Under these facts, the State failed to prove its case against E. A. D. As an initial matter,

> [a] conviction based upon circumstantial evidence is authorized only when the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. In a case entirely dependent on circumstantial evidence, however, the State's evidence must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. Even when the circumstantial evidence creates a strong suspicion of guilt, mere suspicion is insufficient to support a conviction.

(Punctuation omitted.) *Stephens v. State.*[4]

Furthermore,

> [t]he relevant element of trafficking in cocaine is knowing possession of 28 grams or more of cocaine. Possession may be joint or exclusive and actual or constructive. Spatial proximity alone is insufficient to prove joint constructive possession of contraband. Mere presence, without proof of participation, is insufficient to support a conviction. Rather, the state must show that the defendant had the power and intent to exercise control over the cocaine.

(Footnotes omitted.) *Stevens v. State.*[5]

The State is required to produce evidence of some meaningful connection between the defendant and the contraband.

> A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises to authorize the inference that he possesses all property

---

[4] *Stephens v. State*, 258 Ga. App. 774, 776 (1) (575 SE2d 661) (2002).

[5] *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000).

found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize his conviction, and that plainly is not the law.

*Carthern v. State*[6] (quoting *Morris v. State*[7]).

In this case, the State makes only two arguments purporting to connect E. A. D. to the drugs. First, the State argues that she must have been connected to the drugs beyond mere spatial proximity because she was a minor in a house with adult males who were not members of her family in the middle of the night with no other stated purpose, and, second, the bag of cocaine under the sofa cushion was in a place where someone could have easily hidden it. Neither of these contentions creates the necessary connection.

With regard to the State's first argument, the burden of proof is on the State to show that the defendant is connected to the cocaine, and the State cannot rely solely on the defendant's decision not to give a reason for her presence to make its case. In other words, the State, as it tries to do in this case, cannot shift the burden of proof to the defendant by arguing that, because the defendant failed to state her reason for being in Tyrone Boynton's home, she must have been there for the purpose of trafficking cocaine.

With regard to the State's second argument, the mere fact that the contraband was hidden in a place that could have been accessed quickly, without more, does not connect E. A. D. to the drugs. There is simply no evidence that E. A. D. knew that the drugs were there. In the past, we have held that the requisite connection between defendant and contraband had not been adequately established where hidden contraband drugs were found in a vehicle in which defendant was merely a co-occupant, and there was no evidence that defendant had knowledge of the contraband's existence. See, e.g., *Whipple v. State*.[8] See also *Stephens*, supra (defendant's proximity to jacket containing cocaine insufficient to establish possession).

Therefore, in this case, the evidence adduced by the State shows only that E. A. D. was in close proximity to the drugs, and no other connection was shown. As such, the evidence was insufficient to support the adjudication of delinquency in this case for trafficking of cocaine.

*Judgment reversed. Miller and Bernes, JJ., concur.*

---

[6] *Carthern v. State*, 238 Ga. App. 670, 672 (2) (519 SE2d 490) (1999).
[7] *Morris v. State*, 161 Ga. App. 141, 143-144 (5) (288 SE2d 102) (1982).
[8] *Whipple v. State*, 207 Ga. App. 131, 132 (1) (427 SE2d 101) (1993).

534

*Wendell R. Adams*, for appellant.
*Ralph M. Walke, District Attorney, Hilbun & Helton, Jon F. Helton, James C. Garner*, for appellee.

