S06A1282. PUGA-CERANTES v. THE STATE.
(635 SE2d 118)

MELTON, Justice.

Appellant Octavio Puga-Cerantes was convicted of malice murder, felony murder and aggravated assault in connection with the

---

[14] *Landsberg v. Powell*, 278 Ga. App. 13, 15 (627 SE2d 922) (2006); *Milk v. Total Pay & HR Solutions*, 280 Ga. App. 449 (634 SE2d 208) (2006).

fatal shooting of Hector Torres. He appeals from the denial of his motion for new trial.[1] Finding no error, we affirm.

The evidence authorized the jury to find that appellant killed his roommate, Hector Torres, by shooting him twice in the head and once in the torso as he slept in the apartment they shared. Gomez testified that on the day of the crimes his taxi was sent to pick up a passenger at appellant's apartment. When he arrived, appellant was waiting outside and told Gomez to wait while he returned to the apartment. Gomez heard several gunshots immediately before appellant ran to the taxi and told Gomez to "go." During the ride Gomez observed drops of blood on appellant's clothing. When appellant borrowed his cell phone, Gomez overheard appellant state that he "got the guy who owed him money." The police traced the phone call to appellant's uncle — a person wholly unknown to Gomez. Several days after the shooting, appellant confided to a friend that he shot and killed a man who was sleeping, that he left in a cab after the shooting, and made a phone call with the cab driver's phone.

1. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant, who is from Mexico, contends the trial court erred by allowing Gomez to repeat appellant's statement made during the phone conversation because appellant's Spanish is different from that of Gomez, who is from the Dominican Republic. Gomez testified that he heard appellant make the incriminating statement during the ride, and on cross-examination, stated that he fully understood what appellant said during the call. Under the circumstances, it was not error for the trial court to permit the contested testimony as it was the function of the jury to decide what weight and credibility to ascribe to it. *Hampton v. State*, 272 Ga. 284 (1) (527 SE2d 872) (2000).

3. Contrary to appellant's contention, the trial court did not err by allowing the State to present Gomez's testimony even though his name did not appear on the State's list of witnesses provided to the defense pursuant to OCGA § 17-16-8 (a). Although the statute

---

[1] The crimes occurred on September 22, 2002. Appellant was indicted by a Fulton County grand jury on December 31, 2002 and charged with malice murder, felony murder, and aggravated assault. After a jury trial on September 29-October 8, 2003, the jury found appellant guilty of all charged crimes. The felony murder conviction was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993), and appellant was sentenced to life imprisonment on the malice murder count. Appellant filed a motion for new trial on October 20, 2003, which he amended on December 3, 2004. The motion was denied on September 8, 2005 and a timely notice of appeal was filed on September 16, 2005. The case was docketed in this Court on April 5, 2006, and submitted for decision on the briefs.

requires the prosecuting attorney to furnish to the defense not later than ten days prior to trial, the names and other identifying information of the State's trial witnesses, the court may "for good cause" allow an exception to that requirement "in which event the [defense] shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify." [Cit.]

*Gabriel v. State*, 280 Ga. 237, 239 (4) (626 SE2d 491) (2006). The State established that Gomez fled the jurisdiction just prior to the trial in order to avoid testifying and was only able to locate Gomez the day the trial commenced. The State also showed that Gomez was known to the defense prior to the trial and that counsel for the defense made multiple attempts to contact Gomez. "The witness list rule is designed to prevent a defendant from being surprised at trial by a witness that the defendant has not had an opportunity to interview." *Mize v. State*, 269 Ga. 646, 653 (7) (501 SE2d 219) (1998). Here, the trial court properly allowed an exception to the rule where the State established good cause for not having the witness on the list by demonstrating that the witness fled just before the trial commenced and where appellant was given the opportunity to interview the witness prior to his testifying at trial. See *Rose v. State*, 275 Ga. 214 (3) (563 SE2d 865) (2002).

4. Appellant contends it was error for the trial court to permit the court reporter to read back to the jury the testimony of witness Sergio Hinojosa during the jury deliberation. Inasmuch as a trial court may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation, there is no error. See *Johns v. State*, 239 Ga. 681 (2) (238 SE2d 372) (1977). See also *Tuff v. State*, 278 Ga. 91 (6) (597 SE2d 328) (2004).

5. Appellant argues that his rights were violated because the court did not allow an interpreter to fully translate for a State witness. There were two interpreters at the trial: one to translate for appellant and the other to translate witness testimony for the benefit of the jury. During the testimony of a witness who spoke only Spanish, counsel for appellant interposed an objection to hearsay statements offered by that witness. Appellant thereafter objected when the interpreter engaged the witness in a conversation in order to explain the nature of the attorney's objection. In response, the court instructed the interpreter to translate only the witness's testimony for the benefit of the jury, and not to otherwise interpret peripheral proceedings for the witness that were unrelated to the content of his testimony. Having failed to show how appellant was denied the right to participate in a meaningful way in the proceedings, see *Holliday v. State*, 263 Ga. App. 664 (588 SE2d 833) (2003) (due process concerns

raised when a foreign defendant cannot understand the language spoken to him and when the accuracy of a translation is subject to doubt), we find no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006 —
RECONSIDERATION DENIED OCTOBER 16, 2006.

*James W. Gibert*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Laura D. Dyes, Assistant Attorney General*, for appellee.