A08A1055. JONES v. THE STATE.
(666 SE2d 614)

PHIPPS, Judge.

Michael Jones was convicted of several criminal offenses. He did not move for a new trial. On appeal, his only claim is ineffective assistance of trial counsel and that claim is procedurally barred.

An ineffective assistance of trial counsel claim must be raised at the earliest practicable moment.[1] This rule requires that an ineffective assistance claim be raised before appeal if the opportunity to do so is available.[2] A motion for new trial presents such an opportunity, and the failure to seize that opportunity is a procedural bar to raising the issue on appeal.[3]

Here, Jones's new counsel appeared in time to file a timely notice of appeal, but did so without first filing a motion for new trial or otherwise demanding an evidentiary hearing on any claim of ineffective assistance of trial counsel.[4] Consequently, Jones's ineffective assistance claim is procedurally barred.[5]

*Appeal dismissed. Barnes, C. J., and Johnson, P. J., concur.*

---

[1] *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

[2] Id.

[3] Id.

[4] See *Terrell v. State*, 268 Ga. App. 173, 176 (5) (601 SE2d 500) (2004).

[5] Id.; *Grimes v. State*, 245 Ga. App. 277, 279 (3) (537 SE2d 720) (2000); Cf. *Bridges v. State*, 279 Ga. 351, 357 (11) (613 SE2d 621) (2005) (ineffective assistance claim timely raised where appellant represented by trial counsel until after notice of appeal filed).

DECIDED AUGUST 6, 2008.

*Rowe, Rowe & Thomas, Anton L. Rowe*, for appellant.
*Robert D. James, Jr., Solicitor-General, Matthew Ciccarelli, Assistant Solicitor-General*, for appellee.