A08A1130. NEUGENT v. THE STATE.

(668 SE2d 888)

BERNES, Judge.

A Chatham County jury found Jeffrey Neugent guilty of possession of cocaine with intent to distribute, and the trial court denied his motion for new trial. On appeal, Neugent argues that there was

insufficient evidence to prove beyond a reasonable doubt that the cocaine belonged to him rather than another individual present at the scene. Neugent further argues that his due process rights were violated because he suffers from a hearing impairment that prevented him from comprehending the witness testimony presented at trial. For the reasons discussed below, we affirm.

1. Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. *Curtis v. State*, 282 Ga. App. 322 (638 SE2d 773) (2006). "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." (Citation omitted.) Id. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reflects that on June 21, 2005, at approximately 9:45 p.m., agents with the Chatham-Savannah Counter Narcotics Team ("CNT") executed a search warrant at Neugent's trailer home in Chatham County. The warrant authorized the agents to search the home and certain named individuals present at the home, including Neugent, for illegal narcotics.

Neugent's home was surrounded by a chain link fence, and in front of the fence was a gravel area where cars could be parked. When the CNT agents approached in their raid van, a red car was parked in the gravel area. In addition to the red car, there was a blue car that had stopped in the middle of the roadway in front of the home. Neugent was leaning inside the front passenger side window of the blue car as if he were speaking to someone inside. Another individual, Roger Nelson, was standing away from the blue car near the fence.

Once the CNT raid van came to a stop, Neugent began walking away from the blue car that was in the middle of the road and toward the red car parked in front of his home. The blue car then took off backward at a high rate of speed, struck a mailbox on the opposite side of the street, and sped away. Although unsuccessful in stopping the blue car, CNT agents quickly detained Neugent and Nelson. The raid team ordered Neugent to lie on the ground, and he complied by lying face down near the back bumper of the red car in the gravel parking area. The raid team also ordered Nelson to lie on the ground five to ten feet away in front of the fence, and he too complied. Both men were handcuffed.

While CNT agents were in the process of detaining Neugent and Nelson, other agents secured and searched the home. Inside the home, the agents discovered a small piece of crack cocaine on a coffee table in the living room, several crack pipes, and other drug-related paraphernalia.

As the search of the home unfolded, a K-9 unit began to patrol the scene outside, leading to the discovery of two pieces of a rock-like white substance on the ground near the back bumper of the red car. The two pieces were discovered approximately four feet from where Neugent had placed his right hand when he was lying on the ground. The two pieces, which were in large chunks, were collected and transported to the state crime lab, where they were tested and identified as 8.12 grams of crack cocaine. One of the agents testified that the crack cocaine seized from beneath the red car had a street value of approximately $400, and the agent opined that the size of the two pieces of crack cocaine and their street value were consistent with drug distribution.

When the crack cocaine was discovered beneath the red car, Neugent was formally arrested and informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), after which he agreed to speak with one of the agents. Neugent denied that the crack cocaine belonged to him, but he admitted knowing that the driver of the blue car was there to deliver crack cocaine. Neugent further confessed to the agent that "he did sell drugs but it was only enough to pay for the bills."

Neugent was indicted, tried, and convicted of possessing cocaine with intent to distribute. At trial, two of the CNT agents involved in the execution of the search warrant testified to the events as set out above. When asked about the possibility that the cocaine had been thrown underneath the red car by Nelson rather than Neugent, one of the agents testified that at the time of the drug raid, several CNT agents had run between Nelson and where the red car was located as they were securing the scene and preparing to raid the home. The agent testified that as a result, in order for Nelson to have thrown the cocaine so that it landed beneath the rear bumper of the red car, he would have had to "pitch" the cocaine over the agents' heads while he was getting down on the ground. In contrast, Neugent had lain down on the ground such that his right hand had been only four feet from the rear bumper of the red car. Finally, Nelson testified that the cocaine did not belong to him, that Neugent had been leaning inside the blue car in order to purchase cocaine, and that he had seen the purchased cocaine in Neugent's hand as Neugent was walking away from the blue car.

On appeal, Neugent does not contest that the white substance seized from beneath the red car was crack cocaine, that the cocaine weighed 8.12 grams, or that the size of the pieces and amount seized were consistent with possession with intent to distribute. Rather, Neugent contends that the evidence only showed his presence at the scene and did not exclude the reasonable hypothesis that Nelson, rather than he, was the individual who possessed the cocaine.

It is true that

> [a] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction.

(Citation omitted.) *Howard v. State*, 291 Ga. App. 386, 388 (662 SE2d 203) (2008). Here, however, Neugent's conviction was supported by the fact that the cocaine was found in his immediate presence; by Neugent's own inculpatory statements to the CNT agent that he knew the driver of the blue car was a drug dealer and that he himself sold drugs; by the drug paraphernalia found in his home; and by the agent's testimony concerning the highly improbable scenario that would have had to have occurred for Nelson to have thrown the drugs beneath the red car. And most significantly, there was direct evidence supporting Neugent's conviction, namely, the eyewitness testimony of Nelson that Neugent purchased the cocaine from an individual in the blue car and had the cocaine in his hand when he walked away from the car. As such, the state clearly presented evidence of Neugent's constructive possession of the cocaine beyond that of mere spatial proximity. See, e.g., id. at 388-389 (witness testimony linking the defendant to the drugs provided additional evidence of constructive possession); *Jackson v. State*, 281 Ga. App. 83, 85 (1) (635 SE2d 372) (2006) (jury can infer possession when drugs are found in the immediate presence of the defendant); *Ryans v. State*, 226 Ga. App. 595, 596-597 (1) (487 SE2d 130) (1997) (inculpatory statements of the defendant provided additional evidence of constructive possession).

Furthermore, "the reasonable hypothesis rule relied upon by [Neugent], codified in OCGA § 24-4-6, applies only when the evidence against the accused was entirely circumstantial." (Citation, punctuation and emphasis omitted.) *Meeks v. State*, 281 Ga. App. 334, 337 (636 SE2d 77) (2006). Because Nelson's eyewitness testimony was direct evidence of Neugent's guilt, the reasonable hypothesis rule did not apply in this case.

In light of the combined direct and circumstantial evidence presented at trial, we conclude that the evidence was more than sufficient to enable any rational trier of fact to find Neugent guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307. See OCGA § 16-13-30 (b). Whether Neugent possessed the crack cocaine was an issue properly left to the jury.

2. Neugent next contends that the trial court erred in denying his motion for new trial because he suffers from a hearing impairment that prevented him from understanding the testimony of the trial witnesses, in violation of his due process rights. Neugent correctly points out that due process concerns are raised when a defendant cannot comprehend the testimony of the trial witnesses and thus cannot meaningfully participate in his defense. See, e.g., OCGA § 24-9-100;[1] *Ramos v. Terry*, 279 Ga. 889, 890-893 (1) (622 SE2d 339) (2005); *Puga-Cerantes v. State*, 281 Ga. 78, 80-81 (5) (635 SE2d 118) (2006); *Holliday v. State*, 263 Ga. App. 664, 669 (588 SE2d 833) (2003). See also *Ferrell v. Estelle*, 568 F2d 1128 (5th Cir. 1978);[2] *Adams v. State*, 749 SW2d 635 (Tex. App. 1988). But we discern no violation of due process in this case.

While Neugent testified at the new trial hearing that he was unable to hear the trial testimony due to a hearing impairment, other record evidence suggested that Neugent sufficiently heard the testimony to understand what was being said and to assist his trial counsel in shaping his defense. The trial transcript reflects that during the pretrial motions hearing, Neugent informed the trial court that he had a hearing problem. The trial court accommodated Neugent by moving him closer to the witness stand and later by obtaining a special hearing device for Neugent to use. The transcript further reflects that during the pretrial proceedings and at trial, Neugent himself engaged in several colloquies with the trial court and did not appear to have problems hearing or responding to the trial court's questions. Finally, at the new trial hearing, Neugent's trial counsel testified that when the state's witnesses testified at trial, Neugent kept responding to their testimony by telling his counsel, "They're lying."

We uphold a trial court's factual findings and credibility determinations made on motion for new trial unless clearly erroneous. See *Peralta v. State*, 276 Ga. 218, 219 (2) (576 SE2d 853) (2003); *Hersi v. State*, 257 Ga. App. 63, 65 (2) (570 SE2d 365) (2002). In light of the record evidence discussed above, we cannot say that the trial court was clearly erroneous in finding that Neugent was able to hear and

---

[1] OCGA § 24-9-100 provides:
It is the policy of the State of Georgia to secure the rights of hearing impaired persons who, because of impaired hearing, cannot readily understand or communicate in spoken language and who consequently cannot equally participate in or benefit from proceedings, programs, and activities of the courts . . . unless qualified interpreters are available to assist them.

[2] The original opinion in *Estelle* was later withdrawn due to the death of the appellant. See *Ferrell v. Estelle*, 573 F2d 867 (5th Cir. 1978).

comprehend the trial testimony. See *Hersi*, 257 Ga. App. at 65 (2). Thus, the trial court did not err in denying Neugent's motion for new trial.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 2008.

*Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, Russell B. Mabrey, Jr., Assistant District Attorney*, for appellee.