## A09A1184. HARRISON v. THE STATE.

(683 SE2d 681)

JOHNSON, Presiding Judge.

A jury found Robert Lee Harrison guilty of rape, incest, child molestation, and cruelty to children. He appeals from the convictions, contending that he received ineffective assistance of counsel and that the evidence was insufficient to support the verdict. Finding no error, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Harrison] no longer enjoys a presumption of innocence."[1] We do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

So viewed, the record shows that in 2005, the victim, then a 12-year-old child, lived at home with her mother and Harrison, who is her father. On the evening of January 4, 2005, the victim and Harrison were each in their respective bedrooms when Harrison entered the victim's room and instructed her to remove her clothes. When she refused, he took off her clothes and forcibly had sexual intercourse with her. After Harrison went back into his own bedroom, the victim reported the incident to a friend, and the friend's father notified the police.

1. Harrison first contends that the evidence was insufficient to support his convictions, claiming that the state's failure to present evidence from a psychologist was probative of the lack of evidence. However, an examination of the record indicates that there was ample evidence from which the jury could find Harrison guilty beyond a reasonable doubt of each of the charges. First, we note that "there is no requirement that the testimony of the victim of child molestation be corroborated[,]" and the testimony of the victim was all that was required to support Harrison's convictions.[3] In this case however, the convictions were also supported by additional evidence, including testimony regarding Harrison's previous sexual abuse of the victim's sister, the results of Harrison's stipulated polygraph examination, and the conclusion of the victim's examining nurse and physician that the victim displayed evidence of forced vaginal penetration. The evidence in this case was more than sufficient under the standard set forth in *Jackson v. Virginia*.[4] Accordingly, Harri-

---

[1] (Citation and punctuation omitted.) *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Cortez v. State*, 286 Ga. App. 170, 172 (1) (a) (648 SE2d 488) (2007).

[4] See id. at 173 (2) (b).

son's contention that the evidence was insufficient to support his conviction is without merit.

2. Harrison also claims that he received ineffective assistance of counsel. "It is well settled that the arguments underlying a claim for ineffective assistance of counsel must be raised before appeal at the first opportunity, usually on motion for new trial, and the failure to seize that opportunity is a procedural bar to raising that issue at a later time."[5] When new counsel appears for a defendant, he or she must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review.[6] Contentions of ineffectiveness not raised on motion for new trial by counsel appointed after a defendant's conviction are waived.[7]

Here, Harrison's appellate counsel was appointed after the motion for new trial had been filed but prior to the hearing on that motion. Thus, the earliest practicable moment for Harrison to raise a claim for ineffective assistance was while the motion for new trial was still pending. In order for his claim of ineffectiveness to be heard by this Court, Harrison's new counsel should have amended the motion for new trial to include a claim for ineffective assistance, pursuant to OCGA § 5-5-40. Having failed to do so, Harrison has not preserved this issue for review.[8]

Further, even had it not been procedurally barred, Harrison's claim of ineffective assistance is without merit. A review of the record indicates that Harrison cannot meet his burden under the standard set forth in *Strickland v. Washington*,[9] wherein a defendant must show both that counsel's performance was deficient and that this prejudiced the defense to such a degree that but for counsel's deficiency, there is a reasonable probability that the outcome at trial would have been different.

Specifically, Harrison points to trial counsel's "cursory" direct examination of the physician who examined the victim following the incident. However, Harrison fails to provide any evidence that a more in-depth questioning of the physician would have affected the outcome of the trial. There is a strong presumption that trial counsel performed within a wide range of reasonable professional conduct, and the conduct challenged by Harrison could be considered sound trial strategy.[10] Moreover, given the overwhelming evidence of Harrison's guilt, including the testimony of the victim and the medical

---

[5] *Pate v. State*, 269 Ga. App. 684, 686-687 (1) (605 SE2d 90) (2004).

[6] *McGlockin v. State*, 292 Ga. App. 162, 163 (664 SE2d 552) (2008).

[7] *Alford v. State*, 293 Ga. App. 512 (667 SE2d 680) (2008).

[8] *Jones v. State*, 293 Ga. App. 240 (666 SE2d 614) (2008).

[9] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[10] *Defrancisco v. State*, 289 Ga. App. 115, 117 (656 SE2d 238) (2008).

personnel who examined her, there is no indication that, but for trial counsel's alleged errors, the jury would not have found him guilty on all counts.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 18, 2009.

*John B. Tucker*, for appellant.

*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.