694 S.E.2d 375 (2010)
In the Interest of J.S., a child.
No. A10A0654.
Court of Appeals of Georgia.
April 16, 2010.
Jana L. Evans, Dallas, for appellant.
Carolyn J. Altman, Barry H. Wood, for appellee.
PHIPPS, Judge.
Sixteen-year-old J.S. was adjudicated delinquent for acts which, if committed by an adult, would have constituted possession of cocaine in violation of OCGA § 16-13-30. On appeal, he argues, inter alia, that the evidence was insufficient to support his adjudication. We agree, and accordingly we reverse.
*376 1. J.S. challenges the sufficiency of the evidence to support the finding that he was in possession of cocaine.
In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.[1]
So viewed, the evidence showed that at 11:00 p.m. on December 23, 2008, a law enforcement officer observed a car parked at one end of a store parking lot, at a distance from the doors to the store. The officer watched the car for a few minutes and saw one person in the driver's seat and another person in the back seat. Another car, driven by J.S., pulled into the parking lot and parked next to the first car. J.S. got out of his car and into the front passenger seat of the first car. The officer did not see anything in J.S.'s hand as J.S. walked from one car to the other. The officer pulled behind the first car, and J.S. "glanced back at [him] and appeared to be hiding something in the console, moving around the console area with his hands."
The officer got out of his vehicle and approached the driver of the first car. He determined that the driver did not have a driver's license. He asked the driver and J.S. why they were in the parking lot. The driver responded that he planned to shop at the store.[2] J.S. responded that he had driven there from another county to collect money from a friend and, upon seeing the driver, stopped to talk to him.
The officer then asked the driver for consent to search the car, and the driver agreed. During the search, the officer discovered a bag of cocaine in the car's closed center console. The console was within arm's length of where both the driver and J.S. had been sitting, and it was accessible to the back seat passenger. The officer did not observe J.S. in physical possession of the cocaine. J.S., who had been in the car for two or three minutes when the officer approached, denied possessing or knowing about the cocaine, and no drugs or drug paraphernalia were found on him.
J.S. testified that he had gone to the store to collect $50 that a friend owed him, which he needed to pay a bill. As he pulled into the store parking lot, he recognized the driver of the first car, whom he knew through a friend. J.S., who did not live near the store, was surprised to see the driver. He got out of his car and into the passenger seat of the first car to speak to the driver. He did not open the car's center console. Another witness who had accompanied J.S. to the store parking lot corroborated J.S.'s testimony that he was there to collect money owed him.
The juvenile court adjudicated J.S. delinquent, finding that circumstantial evidence demonstrated that he had constructive possession of the cocaine in the console and that there was no other reasonable hypothesis that could be drawn from this circumstantial evidence.
A defendant may be found to have had constructive possession of contraband if it is shown that he had "both the power and the intention at a given time to exercise dominion or control over a thing."[3] "[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than mere spatial proximity."[4] Where, as here, the state's constructive possession case is based wholly on circumstantial evidence, "the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable *377 hypothesis save that of the guilt of the accused."[5] The burden to present evidence excluding every other reasonable hypothesis save that of guilt rests upon the state.[6]
J.S. contends that the state did not meet this burden because there was insufficient evidence, beyond his mere spatial proximity to the car's console, that connected him to the cocaine found therein. Citing Neugent v. State,[7] the state argues that there was additional evidence of a connection supporting a finding of constructive possession. In Neugent, the defendant was convicted for possession of cocaine that had been found on the ground outside his residence. Finding the evidence sufficient to support the conviction, we noted that in addition to the circumstantial evidence (i.e., the defendant's spatial proximity to the cocaine at the time it was found), there was direct evidence that the defendant was holding the cocaine shortly before it was found on the ground. There was further evidence that it was highly improbable that another person on the scene could have thrown the cocaine into the place where it was found; that the defendant had made inculpatory statements concerning his activities as a drug dealer; and that drug paraphernalia was found in the defendant's residence.[8]
In contrast with Neugent, however, the only evidence beyond spatial proximity that connected J.S. to the cocaine in the console was J.S.'s act of moving his hand near the console in a manner that appeared to be hiding something. While this circumstantial evidence could support the hypothesis that J.S. had constructive possession of the cocaine contained therein,[9] it did not exclude every other reasonable hypothesis as to why J.S., who was sitting in the front passenger seat of the car, moved his hand near the car's center console. "[W]hen the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt."[10] "Even when the circumstantial evidence creates a strong suspicion of guilt, mere suspicion is insufficient to support a conviction."[11] We find that evidence that J.S. moved his hand in the area of the closed center console next to where he was sitting did not satisfy the state's burden of excluding every reasonable hypothesis other than that he intended to exercise dominion or control over contraband found within the console.[12] Thus, this evidence was insufficient to show that he had constructive possession of the cocaine.[13]
The court also cited in support of its finding of constructive possession evidence that J.S. lived at a distance from the parking lot (which J.S. testified was 30 to 40 minutes driving). This evidence likewise did not satisfy the state's burden of excluding every reasonable hypothesis other than that J.S. intended to exercise dominion or control over the cocaine found in the console.[14] Thus, this *378 evidence was insufficient to show that J.S. had constructive possession of the cocaine.[15]
2. In light of our holding in Division 1, we need not address J.S.'s remaining enumerated errors.
Judgment reversed.
MILLER, C.J., and JOHNSON, P.J., concur.
NOTES
[1] In the Interest of M.H., 288 Ga.App. 663, 664(1), 655 S.E.2d 249 (2007) (citation omitted).
[2] Evidence earlier presented to the court at a suppression hearing indicated that the store was open at the time and that people were shopping there.
[3] Lockwood v. State, 257 Ga. 796, 797, 364 S.E.2d 574 (1988) (citation and punctuation omitted).
[4] O'Neill v. State, 285 Ga. 125, 128, 674 S.E.2d 302 (2009) (citation omitted); see Swicord v. State, 293 Ga.App. 545, 548-549(2), 667 S.E.2d 401 (2008); Whipple v. State, 207 Ga.App. 131, 132(1), 427 S.E.2d 101 (1993).
[5] Hodges v. State, 277 Ga.App. 174, 626 S.E.2d 133 (2006) (citation and punctuation omitted); see OCGA § 24-4-6. This Code provision applies to juvenile delinquency proceedings. See In re E.A.D., 271 Ga.App. 531, 532, 610 S.E.2d 153 (2005).
[6] Cornish v. State, 187 Ga.App. 140, 142, 369 S.E.2d 515 (1988).
[7] 294 Ga.App. 284, 668 S.E.2d 888 (2008).
[8] Id. at 287, 668 S.E.2d 888.
[9] See Todd v. State, 275 Ga.App. 459, 463 (3), n. 2, 620 S.E.2d 666 (2005) (evidence of furtive gestures by defendant upon the approach of law enforcement can serve as circumstantial evidence of guilt).
[10] M.H., supra at 665(1), 655 S.E.2d 249 (citation and punctuation omitted).
[11] E.A.D., supra at 532, 610 S.E.2d 153 (citation and footnote omitted).
[12] See Mitchell v. State, 268 Ga. 592, 593, 492 S.E.2d 204 (1997) (reversing defendant's conviction for possession of cocaine; circumstantial evidence that wafers of cocaine were found intact under floor mat beneath defendant's feet, and that they would not have been intact unless placed there shortly before being found, was not sufficient to exclude every other reasonable hypothesis than defendant's constructive possession of cocaine).
[13] Id.
[14] See generally Benitez v. State, 295 Ga.App. 658, 660-661(1), 673 S.E.2d 46 (2009) (where case against defendant charged with trafficking methamphetamine depended entirely on circumstantial evidence of defendant's possession of the drug, state failed to carry its burden of proof by pointing to inconsistencies and implausibility of defendant's explanation of his presence at the scene); E.A.D., supra at 533, 610 S.E.2d 153 (reversing adjudication of delinquency for acts constituting trafficking in cocaine; rejecting conclusion that, because female minor was in a house with unrelated adult males in the middle of the night, for no stated purpose, she "must have been there" to traffic cocaine found in her proximity).
[15] See M.H., supra at 665, 655 S.E.2d 249.