A10A1399. CRUZ v. THE STATE.
A10A1400. RODRIGUEZ v. THE STATE.
A10A1401. SYLVESTER v. THE STATE.

(700 SE2d 631)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, co-defendants Jose Cruz, Juan Rodriguez, and Gaspar Sylvester (collectively "defendants") were each convicted on one count of armed robbery.[1] They appeal their convictions and the denial of their respective motions for new trial, arguing that the evidence was insufficient to support their convictions and that they were unable to meaningfully participate in their defense due to their inability to understand English or Spanish. In addition, Sylvester contends that the trial court erred in failing to find that his trial counsel rendered ineffective assistance. Because the charges arose from the same incident and the defendants were tried together, we have consolidated their separate appeals for review. For the reasons set forth below, we affirm in all three cases.

1. We first address defendants' challenges to the sufficiency of the evidence supporting their convictions. "On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [appellants] no longer enjoy[ ] a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[2] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendants guilty of the charged offenses beyond a reasonable doubt.

---

[1] OCGA § 16-8-41 (a).
[2] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).

*Jackson v. Virginia.*[3] Furthermore, "[o]n appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Terry v. State.*[4]

So viewed, the record shows that some time after midnight on October 7, 2006, Gerardo Aulet was returning to his own apartment from an evening out with friends when another friend invited him to have a few beers with Cruz, Rodriguez, and Sylvester at their apartment, which was a few doors down from Aulet's. After a couple of hours, Aulet's friend left. A short time later, Aulet also started to leave the apartment, but as he did, Cruz, Rodriguez, and Sylvester stopped him and started beating him. As Aulet struggled, Sylvester brandished a knife, and the three defendants took two necklaces that Aulet had been wearing and $500 that he had been carrying in his pocket. Finally, a fourth unidentified man, who had also been in the apartment, intervened and convinced the three defendants to let Aulet leave. Aulet, who only spoke Spanish, immediately went to his own apartment and asked his female roommate, who spoke English, to call the police.

Within a few minutes, the police arrived and, with Aulet's roommate interpreting for him, the police determined that Aulet had been robbed by the three defendants living in the apartment just a few doors down. Consequently, the police knocked on the door of the apartment where Aulet said the robbery had occurred, and a Hispanic male matching a description that Aulet had provided of one of the assailants, opened the door. The police detained the man and thereafter found two other Hispanic males in the apartment, who also matched the descriptions provided by Aulet, as well as the fourth male who had stopped the attack. After the apartment was cleared, Aulet identified Cruz, Rodriguez, and Sylvester as his attackers. In addition, while ensuring that all of the robbery suspects had been removed from the apartment, the police saw Aulet's necklaces hanging on a hook on a bedroom wall. The police also saw several knives in the kitchen and a couple of box-cutters on the floor in an open closet.

Cruz, Rodriguez, and Sylvester were all charged in the same indictment with one count of armed robbery. Because neither the victim (Aulet) nor the defendants spoke English, several Spanish interpreters assisted the defendants during trial and translated all of the English testimony into Spanish. At trial, Aulet testified that Cruz, Rodriguez, and Sylvester robbed him at knife-point, and Aulet's roommate testified to assisting Aulet in calling the police and

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).
[4] *Terry v. State*, 293 Ga. App. 455 (667 SE2d 109) (2008).

to translating for him when the police initially arrived. In addition, several police officers testified regarding their investigation of the matter. After the State rested, the defendants moved for a directed verdict of acquittal, which the trial court denied. At the trial's conclusion, the jury found Cruz, Rodriguez, and Sylvester guilty of armed robbery. All three defendants filed motions for new trial, which the trial court denied after a hearing. These appeals followed.

Cruz, Rodriguez, and Sylvester contend that the evidence was insufficient to support their convictions of armed robbery. Specifically, they argue that there was no evidence that a knife or box-cutter was used contemporaneously with the taking of the victim's property. We disagree.

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

OCGA § 16-8-41 (a). "The element of 'use' is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery." (Punctuation omitted.) *Pritchett v. State*.[5] Interpreting this statute, *Moore v. State*[6] held regarding the weapon that "the offensive weapon be used as a concomitant to a taking which involves the use of actual force . . . against another person. . . . [T]he force . . . essential to robbery must either precede or be contemporaneous with, . . . not subsequent to, the taking." (Citation and punctuation omitted.) In addition, OCGA § 16-2-20 (a) provides: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Such person includes one who "[i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (b) (3).

Here, the victim (Aulet) testified that Sylvester had a knife during the attack and that all three defendants struck and kicked him while taking his necklaces and money. Although the defendants point to inconsistencies in the victim's testimony as to whether the knife was first brandished during or after the robbery,

> conflicts and inconsistencies in the testimony of witnesses, including the State's witness, are a matter of credibility for

---

[5] *Pritchett v. State*, 265 Ga. App. 462, 463 (594 SE2d 377) (2004).
[6] *Moore v. State*, 233 Ga. 861, 864 (2) (b) (213 SE2d 829) (1975).

> the jury to decide. As long as there is some competent evidence, though contradicted, to support each fact necessary to make out the State's case, a jury's verdict will be upheld.

(Punctuation omitted.) *Lattimore v. State*.[7] Thus, the evidence was sufficient to allow the jury to find all three defendants guilty of armed robbery beyond a reasonable doubt. See *Sheely v. State*[8] (affirming armed robbery conviction where victim was aware of weapon during the attack); *Mason v. State*[9] (affirming armed robbery conviction even though defendant was not armed because defendant aided and abetted armed co-defendants in robbing the victim).

2. Cruz, Rodriguez, and Sylvester contend that the trial court erred in denying their motions for new trial, arguing that their right to due process of law was violated because they could not meaningfully participate in their defense at trial due to a language barrier. Specifically, they contend that their primary language is Chuj[10] (not Spanish as assumed at trial), and therefore they were unable to comprehend any of the trial testimony and were unable to effectively confer with their counsel regarding their defense.

Defendants "correctly point[ ] out that due process concerns are raised when a defendant cannot comprehend the testimony of the trial witnesses and thus cannot meaningfully participate in his defense." *Neugent v. State*.[11] See *Holliday v. State*.[12] However, at no point during the pre-trial motions hearing or trial did defendants object or in any way indicate that they could not understand the Spanish translation of the proceedings. In fact, during the sentencing hearing, all three defendants responded affirmatively when the trial court specifically asked each of them (through the Spanish interpreter) if they had understood their interpreters and everything the interpreters had explained to them about the trial. Defendants did not raise this issue until their motions for new trial, which resulted in the trial court postponing the hearing on the motions until a Chuj translator was located. "By failing to interpose a timely objection, [defendants have] waived this issue on appeal." *Duran v. State*.[13] See *Ramos v. Terry*;[14] *Baldivia v. State*.[15]

---

[7] *Lattimore v. State*, 282 Ga. App. 435, 436 (1) (638 SE2d 848) (2006).

[8] *Sheely v. State*, 287 Ga. App. 92, 94-95 (650 SE2d 762) (2007).

[9] *Mason v. State*, 262 Ga. App. 383, 383 (1) (585 SE2d 673) (2003).

[10] Chuj is a Mayan language and is spoken by approximately 40,000 people in Guatemala and Mexico. See http://www.native-languages.org/chuj.htm.

[11] *Neugent v. State*, 294 Ga. App. 284, 288 (2) (668 SE2d 888) (2008).

[12] *Holliday v. State*, 263 Ga. App. 664, 669 (588 SE2d 833) (2003).

[13] *Duran v. State*, 274 Ga. App. 876, 880 (4) (619 SE2d 388) (2005).

[14] *Ramos v. Terry*, 279 Ga. 889, 893 (2) (622 SE2d 339) (2005).

[15] *Baldivia v. State*, 267 Ga. App. 266, 272 (3) (599 SE2d 188) (2004).

Moreover, the trial court did not err, as Cruz separately argues, in denying defendants' motions for new trial based on its finding that defendants' claim that they could not understand the Spanish translation of the proceedings lacked credibility. "[I]t is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony." (Punctuation omitted.) *Watkins v. State*.[16] "We uphold a trial court's factual findings and credibility determinations made on motion for new trial unless clearly erroneous." *Neugent*, supra, 294 Ga. App. at 288 (2). Given the fact that the defendants never objected to the Spanish translation of the proceedings and even affirmatively stated that they were able to understand their interpreters, we cannot say that the trial court clearly erred in finding that defendants' claim that they could not understand the proceedings lacked credibility. See id. at 288-289 (2); *Hersi v. State*.[17]

3. Sylvester separately contends that the trial court erred in failing to find that his trial counsel rendered ineffective assistance in several respects prior to and during the trial in this matter. We disagree.

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*,[18] "a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency." *Kurtz v. State*.[19] "Making that showing requires that [Sylvester] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State*.[20] "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Punctuation omitted.) *Abernathy v. State*.[21] "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous." *Kurtz*, supra, 287 Ga. App. at 825.

(a) Sylvester contends that his trial counsel performed deficiently by failing to hire an investigator and by failing to interview the victim, all of the police officers involved, and the fourth male at

---

[16] *Watkins v. State*, 285 Ga. 355, 357 (1) (676 SE2d 196) (2009).
[17] *Hersi v. State*, 257 Ga. App. 63, 65 (2) (570 SE2d 365) (2002).
[18] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).
[19] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).
[20] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).
[21] *Abernathy v. State*, 299 Ga. App. 897, 903 (3) (685 SE2d 734) (2009).

the scene, who the victim claims intervened on his behalf and who Sylvester now claims was his own brother. Evidence supported the trial court's rejection of this contention.

For the most part, Sylvester's contentions are directly belied by the record. At the motion for new trial hearing, Sylvester's trial counsel testified that he spoke to several of the investigating officers about the case and spoke to the victim's roommate, who initially contacted the police. Trial counsel further testified that he attempted to locate Sylvester's brother (the fourth male at the scene) but was told by the man's family members that he had left the country. Moreover, Sylvester's argument concerning these alleged failures

> is foreclosed by his failure to make any proffer of what the allegedly necessary investigations would have uncovered. Absent such a proffer, [Sylvester] cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.

(Punctuation omitted.) *Williams v. State.*[22]

(b) Sylvester contends that his trial counsel failed to adequately prepare him for trial. Specifically, he argues that counsel performed deficiently by not meeting with him enough prior to trial and by not recognizing that Sylvester could not understand Spanish when he did meet with him. Some evidence shows otherwise.

At the motion-for-new-trial hearing, Sylvester's trial counsel testified that he met with Sylvester at least four times prior to trial to discuss the case. In addition, trial counsel testified that he believed that he and the Spanish interpreters he used were able to effectively communicate with Sylvester and that Sylvester never gave him any indication that he was unable to understand Spanish. Although Sylvester testified that trial counsel only met with him once and that he could not understand the Spanish interpreter during that meeting, the trial court had every right to disbelieve this self-serving testimony in favor of counsel's testimony. See *Burdette v. State*[23] (court may believe trial counsel's testimony over that of defendant).

Furthermore,

> [Sylvester's] claim that counsel spent inadequate time conferring with him is not dispositive, as there exists no magic

---

[22] *Williams v. State*, 304 Ga. App. 592, 595 (4) (696 SE2d 512) (2010).
[23] *Burdette v. State*, 276 Ga. App. 695, 700 (3) (624 SE2d 253) (2005).

amount of time which counsel must spend in actual conference with his client. Moreover, [Sylvester] has failed to demonstrate how additional time with counsel would have changed the outcome of his case.

(Citation and punctuation omitted.) *Ruffin v. State*.[24] See *Powers v. State*.[25] Accordingly, the trial court did not err in finding that Sylvester failed to show ineffective assistance in this regard.

(c) Sylvester contends that his trial counsel was ineffective for failing to file a motion to sever his trial from that of his co-defendants. This contention is without merit.

"The decision whether to grant or deny a motion to sever is within the discretion of the trial court." *Harper v. State*.[26]

In exercising its discretion the trial court should consider the following three factors: (1) whether the number of defendants will create confusion of the law and evidence applicable to each defendant; (2) whether there is a danger that evidence admissible against one defendant will be considered against another despite cautionary instructions to the contrary; and, (3) whether the defenses of the co-defendants are antagonistic to each other.

*Kennedy v. State*.[27] "The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." (Punctuation omitted.) *Harper*, supra, 300 Ga. App. at 769 (12).

Prior to trial, Sylvester's co-defendant Rodriguez filed a motion to sever his trial from that of the other two co-defendants (Sylvester and Cruz). After a hearing on the issue, the trial court denied Rodriguez's motion, finding that the number of defendants would not create confusion and that the defenses of the three co-defendants were not antagonistic to each other. Although Rodriguez did not appeal the denial of his motion, in reviewing this issue, we find that the trial court's denial did not constitute an abuse of discretion. Thus, a motion to sever filed by Sylvester would have been futile, and his trial counsel's decision on this issue did not amount to ineffective

---

[24] *Ruffin v. State*, 283 Ga. 87, 91 (12) (d) (656 SE2d 140) (2008).
[25] *Powers v. State*, 303 Ga. App. 326, 329 (2) (b) (693 SE2d 592) (2010).
[26] *Harper v. State*, 300 Ga. App. 757, 769 (12) (686 SE2d 375) (2009).
[27] *Kennedy v. State*, 253 Ga. 132, 134 (2) (317 SE2d 822) (1984).

assistance. See *Nelson v. State*;[28] *Troutman v. State*.[29]

(d) Sylvester contends that his trial counsel performed deficiently by failing to object when a police officer was recalled to the stand in order to testify about some of the State's exhibits, by failing to object to the admission of those exhibits, and by failing to cross-examine that officer. This contention also lacks merit.

First, Sylvester's claim that his trial counsel failed to object to the officer being recalled to testify by the State is belied by the record. In fact, the record shows that Sylvester's trial counsel joined in the objection to the State's recalling of the officer that was made by co-defendants' counsel. As this argument "is not supported by the record, it necessarily provides no basis for a claim of error." *Hill v. State*.[30] Sylvester also fails to cite any grounds upon which his counsel should have objected to the admission of the State's exhibits. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Punctuation omitted.) *Henry v. State*.[31] Finally, Sylvester fails to provide any evidence that cross-examination of the recalled officer would have affected the outcome of the trial and thus has failed to show ineffective assistance in this regard. See *Harrison v. State*.[32]

(e) Sylvester also contends that his trial counsel performed deficiently by failing to request jury charges as to the lesser included offenses of robbery by intimidation and theft by taking. We disagree.

At the hearing on Sylvester's motion for new trial, his trial counsel was asked if he considered requesting jury charges on robbery by intimidation and theft by taking as lesser-included offenses of armed robbery. Trial counsel responded that he did recall discussing the issue but could not recall why he never made such a request. "Decisions as to which charges will be requested generally fall within the realm of trial tactics and strategy." (Punctuation omitted.) *Scott v. State*.[33] Here, although Sylvester's trial counsel could not recall his specific reasons for not requesting a charge on lesser-included offenses of armed robbery, Sylvester has nevertheless failed to meet his burden to show that trial counsel's decision was not a reasonable trial strategy or that such a request would have affected the outcome of the trial. See id. at 382 (4) (b). Accordingly, the trial court's finding that Sylvester's trial counsel did not render ineffective assistance in this regard was not clearly erroneous.

---

[28] *Nelson v. State*, 302 Ga. App. 583, 587 (2) (a) (691 SE2d 363) (2010).

[29] *Troutman v. State*, 297 Ga. App. 196, 199 (3) (a) (676 SE2d 836) (2009).

[30] *Hill v. State*, 290 Ga. App. 140, 145 (5) (d) (658 SE2d 863) (2008).

[31] *Henry v. State*, 279 Ga. 615, 617 (3) (619 SE2d 609) (2005).

[32] *Harrison v. State*, 299 Ga. App. 744, 745 (2) (683 SE2d 681) (2009).

[33] *Scott v. State*, 298 Ga. App. 376, 380 (4) (b) (680 SE2d 482) (2009).

(f) Sylvester further contends that his trial counsel performed deficiently by failing to object to juror misconduct. Evidence showed that this contention lacked merit.

During one of the recesses in the trial, the trial court held a bench conference after the jury had been excused to inform counsel for the State and defendants that it had noticed that one of the jurors was having trouble staying awake. The court asked counsel how they wanted to proceed, and all agreed with the proposal to continue monitoring the juror to determine if he needed to be excused. The trial continued, and no further concerns regarding this juror appear in the record. Sylvester now argues that his trial counsel's failure to object to this juror's conduct constituted ineffective assistance.

> [W]hen irregular juror conduct is shown, prejudice to the defendant is presumed. Significantly, however, the presumption applies only where the issue was properly preserved at trial and raised as error on direct appeal; it does not apply in the context of an ineffective assistance of counsel claim. In the ineffective assistance context, the burden is upon the defendant to prove actual prejudice affirmatively from the record.

(Citation omitted.) *Sullivan v. State*.[34] Here, Sylvester has failed to do so. See id. Accordingly, Sylvester has failed to demonstrate that the trial court erred in finding that he failed to carry his burden of showing ineffective assistance.

*Judgments affirmed. Barnes, P. J., and Mikell, J., concur.*

DECIDED AUGUST 20, 2010 —
RECONSIDERATION DENIED SEPTEMBER 2, 2010.

*William M. Peterson*, for appellant (case no. A10A1399).

*Amanda N. Steger, Nicholas E. White*, for appellant (case no. A10A1400).

*Jeffrey L. Grube*, for appellant (case no. A10A1401).

*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.

---

[34] *Sullivan v. State*, 295 Ga. App. 145, 154 (7) (a) (671 SE2d 180) (2008).