### A10A1852. STRONG v. THE STATE.
(707 SE2d 914)

BARNES, Presiding Judge.

A jury convicted James Edward Strong of two counts of aggravated assault and two counts of possession of a firearm during those assaults, involving two victims. He appeals, contending that his trial counsel was ineffective for failing to obtain certified copies of one victim's prior felony convictions and first offender plea. For the reasons that follow, we affirm.

Strong asserts he was denied his constitutional right to the effective assistance of counsel when his trial counsel failed to show the bias of or impeach a victim-witness about his first offender plea to child molestation or his two felony convictions.

> [T]o prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

*Allen v. State*, 286 Ga. 392, 398 (5) (687 SE2d 799) (2010). Because Strong "must show both deficient performance and actual prejudice stemming from the deficient performance, an insufficient showing on either prong relieves the reviewing court of the need to address the other prong." Id.

Viewing the evidence at trial in the light most favorable to the verdict, *Brown v. State*, 293 Ga. App. 633 (667 SE2d 899) (2008), it showed that Strong and the two victims, a married couple, were next-door neighbors. The victims had loaned Strong a car vacuum that Strong would not return, so they knocked on his door and the woman asked him to give it back. Strong responded, "[G]et away from my door, bitch" or he would shoot them and became loud and "belligerent . . . [l]ike he wanted to fight or something." He closed the door, then opened it with a 9-millimeter pistol in his hand, "cursing and carrying on." Strong cocked the handgun to put a bullet in the chamber and pointed it at the victims, "letting [them] know that there was no way [they] were going to get that car vacuum back without going through some type of changes." Strong and the

woman cursed at each other, and the victims left the doorway and called the police. At trial, three witnesses in addition to the two victims testified that Strong pointed a handgun at the victims when they went to his door. Strong was indicted and convicted in Douglas County of two counts of aggravated assault and two counts of possession of a firearm during the commission of a crime.

At the motion for new trial hearing, Strong's trial counsel testified that the defense presented at trial was that Strong never brandished a gun, and that the victims and other witnesses contrived this story because they had "a beef" with Strong. When counsel obtained a copy of the male victim's GCIC report, counsel saw he had a 1988 conviction for robbery by intimidation and a 1990 conviction for aggravated assault, both in Bibb County. Trial counsel sent a letter to the Bibb County Superior Court clerk's office but received no response. At the motion for new trial hearing, appellate counsel tendered into evidence certified copies of the two convictions. When asked why he did not try harder to obtain certified copies of the convictions, trial counsel explained that he decided to focus his limited resources on other avenues of defense because the Bibb County Superior Court clerk's office was about an hour and a half away and he knew he would have difficulty getting the convictions into evidence due to their age.

In reviewing the victim's GCIC report, trial counsel also noticed that the victim had been arrested in 2002 for child molestation, but the report indicated no disposition of the charges and the Fulton County Superior Court clerk's office did not respond to his request for more information. Counsel testified that he did not think much about the arrest because he thought the charge must have been dead-docketed as the victim was not in prison. Although the victim did not respond when counsel tried to contact him for an interview, at the Monday calendar call two days before the case began, the victim was present in court and counsel had an opportunity to talk to him. The victim mentioned he was on probation in Fulton County, and as a result of that conversation trial counsel again ran the victim's GCIC report, and again found only the 2002 child molestation arrest. Trial counsel then found the victim's name and picture listed in the GBI Sex Offender Registry, but when his field investigator went to the Fulton County Superior Court clerk's office to retrieve a certified copy of the conviction, the clerk advised him that the file was in archives and would not be available until the end of the week. When the case was called for trial, the court denied trial counsel's motion for a continuance to investigate the issue further, finding that the questionably admissible evidence would not lead to exculpatory evidence or otherwise support Strong's defense but would simply be a means of attacking the victim's credibility. At the

new trial motion hearing, appellate counsel tendered a certified copy of the victim's first offender plea to the child molestation charge.

In its order denying the motion for new trial, the trial court found that trial counsel was reasonably effective, particularly in light of the fact that Strong denied having a gun despite five witnesses' testimony to the contrary. The court found that Strong's testimony put his trial counsel

> in the impossible posture of having to argue that all five witnesses were lying about the weapon's presence while his client was telling the truth. The only defense with any reasonable probability of success in this case was self-defense[, . . . but] Strong instead stubbornly insisted on lying about the gun, placing [trial counsel] in a hopeless defense posture, and cannot cast his own poor decision on his attorney under the rubric of ineffective assistance.

The trial court noted that the victim's GCIC report did not reveal the first offender plea, which trial counsel uncovered only through diligent investigation, and that it had never been asked to determine whether evidence of the prior convictions or plea would have been admissible. Finally, the trial court found no reasonable probability that the outcome might have been different if the evidence had been admitted, in light of the State's overwhelming evidence of Strong's guilt.

Strong argues on appeal that trial counsel was ineffective for failing to obtain certified copies of the victim's prior felony convictions and first offender plea, which he asserts would have been admissible to impeach the victim and show bias.

> OCGA § 24-9-84.1 (a) (1), (3) provides that a witness may be impeached with a prior felony conviction upon the trial court finding the probative value of the evidence to outweigh its prejudicial effect to the witness, or with a conviction for a crime involving dishonesty or making a false statement regardless of whether it was a felony or misdemeanor. However, such evidence is not admissible if more than ten years has elapsed since the date of the conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect, and the proponent has given the adverse party sufficient advance written notice of the intent to use such evidence so

> that the adverse party has a fair opportunity to contest the
> use of such evidence. OCGA § 24-9-84.1 (b).

(Punctuation omitted.) *Allen*, 286 Ga. at 394 (2). Strong argues that the probative value of the victim's convictions would have outweighed their prejudicial effect despite their age. The victim's 1990 convictions were for aggravated assault and robbery by force of a man over age 65, and Strong is also an older man. The victim's 1988 burglary would have shown that the victim had a history of breaking into people's houses, and Strong claimed that the victims came into his house and threatened him. Finally, Strong argues that the victim had not been eligible for first offender status because of these prior felonies, and therefore evidence of the child molestation plea would have been admissible for impeachment purposes as well as to show bias.

When reviewing a trial court's ruling on an ineffective assistance of counsel claim, we defer to its factual findings unless they are clearly erroneous, but we review the court's legal conclusions de novo. *Sallins v. State*, 289 Ga. App. 391, 392 (1) (657 SE2d 309) (2008). We have held that the decision about whether to impeach a witness by introducing certified copies of prior convictions is a matter of trial strategy, *Lewis v. State*, 302 Ga. App. 506, 508 (a) (691 SE2d 336) (2010), but here Strong argues that trial counsel never made that decision because he never obtained the certified copies. Strong is right that trial counsel did not obtain the information, but counsel made a strategic decision not to expend the limited resources of his office to obtain the certified copies, choosing instead to focus on other avenues of defense. "It is generally a tactical decision of trial counsel to determine how to allot the resources available in the defense of [his] client." *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998). The trial court's conclusion that this decision did not constitute ineffective assistance is not clearly erroneous.

Regarding the witness-victim's first offender plea, while evidence about the plea was inadmissible for impeachment purposes, it was admissible to show potential bias in favor of the State while the victim was still on probation under that plea. *Manley v. State*, 287 Ga. 338, 346 (5) (698 SE2d 301) (2010); *Smith v. State*, 276 Ga. 263, 265 (2) (577 SE2d 548) (2003). In this case, however, trial counsel was not ineffective for failing to obtain and introduce evidence about the plea. First, the existence of the plea only came to light because trial counsel made extraordinary efforts to track it down after he succeeded in interviewing the victim two days before trial, considered the child molestation arrest in light of the victim's comments about being on probation in Fulton County, and looked up the victim in the Sex Offender Registry. Although counsel was not successful in

determining the details of the plea before trial, his efforts to do so were well within the standard of effective assistance.

Further, aside from the question of whether the victim should have been allowed to enter a first offender plea with his previous felony record and whether the trial court here could have made that determination, Strong has not shown a reasonable probability that the trial would have ended differently if his trial counsel had uncovered all the details about the Fulton County plea and cross-examined the victim about his possible bias toward the State. As the trial court observed, "[f]ive witnesses separately testified that Strong assaulted [the victims] with the gun." Thus, even if the jury decided to completely disregard the victims' testimony based on successful cross-examination, the testimony of three other eyewitnesses remained.

> In light of the evidence, appellant was not able to establish there is a reasonable probability that, but for the alleged deficient performance of trial counsel, the outcome of appellant's trial would have been different. Accordingly, the trial court did not err when it did not find ineffective assistance of counsel.

*Allen*, 286 Ga. at 398-399 (5) (a).
*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 18, 2011.

*J. Scott Key*, for appellant.
*David McDade, District Attorney, James A. Dooley, Thomas E. Kegley, Assistant District Attorneys*, for appellee.