A11A2421. CHRISTOPHER v. THE STATE.
(726 SE2d 411)

MCFADDEN, Judge.

Virgil Christopher appeals his aggravated assault conviction. He argues that trial counsel was ineffective, primarily for failing to make several objections to the state's closing argument. Christopher has not shown both that counsel's performance was deficient and that there is a reasonable probability that any deficiency changed the outcome of the trial. We therefore affirm Christopher's conviction.

Construed to support the verdict, the evidence shows that after Christopher and his girlfriend, Coleshia Jones, argued, he took a red Chevrolet Impala she had rented. When they met later on so that Christopher could return the car, they argued again; Jones kicked Christopher, and he hit her in the eye. He apologized, and they went to lunch. During the drive to the restaurant, Jones saw that Christopher had a gun.

Jones's brother and cousins, including the victim, Eli Jones, were angry that Christopher had hit Jones. They urged her to press charges, but she refused. That afternoon, the brother and cousins, along with a friend, were driving around and saw Christopher; all but one of them got out of the vehicle and confronted Christopher. Christopher pulled out his gun, and the men left.

Later that day, Christopher and Rongee Reese were driving down the road in front of Jones's house in the Impala, which Jones again had given to Christopher. Eli Jones was in a nearby yard, and the brother, other cousins, and their friend were in the vicinity. Eli Jones approached the Impala, and he and Christopher began arguing. Eli Jones, who was unarmed, tried to open the car door. Reese shot Eli Jones in the stomach, and Christopher shot Eli Jones in the chest. People began shooting at the Impala. At least one round entered the Impala from the exterior and struck Christopher in the back. The Impala drove off. Eli Jones died of his wounds.

Christopher was charged with malice murder, felony murder, aggravated assault, and possession of cocaine. A jury found him guilty solely of the aggravated assault. The trial court denied his motion for new trial, and he filed this appeal, arguing that he received the ineffective assistance of trial counsel.

Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),

> [t]o prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, it is not incumbent upon the reviewing court to examine the other prong.

(Citations omitted.) *Battles v. State*, 290 Ga. 226, 229 (2) (719 SE2d 423) (2011).We accept the trial court's

> factual findings and credibility determinations unless they are clearly erroneous, and we independently apply the legal

principles to these facts, keeping in mind the strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance.

Id. at 229-230 (2). "Trial counsel are strongly presumed to have performed adequately; therefore, [an appellant] bears the burden to prove otherwise." (Punctuation omitted.) *Humphrey v. Morrow*, 289 Ga. 864, 866 (II) (717 SE2d 168) (2011).

1. Christopher argues that trial counsel was deficient for failing to object to the state's "golden rule" arguments.

A golden rule argument is one which, either directly or by implication, tells the jurors that they should put themselves in the injured person's place and render such a verdict as they would wish to receive were they in the injured person's position. Such an argument is impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.

(Citation and punctuation omitted.) *Jackson v. State*, 282 Ga. 494, 499 (5) (651 SE2d 702) (2007).

(a) The first instance to which Christopher contends trial counsel should have objected occurred when the prosecutor said in her closing argument, "Can you imagine as Eli is approaching that car and he can't get in the front seat or the front door, and he goes to the back and he sees those guns. What do you do?" She went on to state, "He backed up. Several witnesses said he backed up. You would put your hands up."

At the motion for new trial hearing, trial counsel explained that he did not object because "either it went by quick enough or I didn't want to call emphasis to it." He conceded that he "could have missed it," and that he should have objected. But

[t]he prosecutor's comments did not ask the jurors to render the verdict that they would wish to receive in the injured person's position. [Further, e]ven assuming arguendo[ ] that the comments amounted to a golden rule argument, and therefore, that trial counsel was deficient [for failing to object, Christopher] cannot meet his burden of demonstrating prejudice.

(Punctuation omitted.) *Futch v. State*, 286 Ga. 378, 383 (2) (c) (687 SE2d 805) (2010) (prosecutor apologized for pointing shotgun in jury's direction, explaining, "But you know what it made me think

about? How [the victims] must have felt when he had that gun and swung it at them, the sense of fear that they felt with that 12-gauge pump action shotgun pointing directly at them.'').

Christopher admits that he was at the scene of the shooting, that he was driving the car, and that a gun was fired from the car. Although he contends that they lacked credibility, four eyewitnesses testified that Christopher shot Eli Jones. Given this evidence, Christopher has not shown that there is a reasonable probability that the failure to object changed the outcome of the trial.

(b) The second comment that Christopher contends violated the proscription against golden rule arguments occurred when the prosecutor was addressing discrepancies in the witnesses' testimony about where people were standing when the shooting occurred. After acknowledging that such testimony was "all over the place," the prosecutor stated that, "I am going to ask if you will think about this in a personal context, something that has happened to you in your lifetime[.]" She then went on to state that, "I suggest to you that these folks more than a year later after seeing their brother and their cousin shot down, shot in the stomach, shot in the chest, falling to the ground, don't know who was standing where nor do they probably care."

This was not a golden rule argument because it did not ask the jurors to place themselves in the victim's position at all; rather, it was an attempt to explain the reason for the discrepancies in the testimony of the eyewitnesses to the shooting. *Hayes v. State*, 236 Ga. App. 617, 619 (3) (512 SE2d 294) (1999) (counsel's argument asking the jurors to put themselves in the place of a witness was not an impermissible golden rule argument). "Because the [s]tate may argue the inferences it wishes the jury to draw from the record, the statement was not improper and trial counsel was not deficient in failing to object." *Hunt v. State*, 279 Ga. 3, 6 (4) (b) (608 SE2d 616) (2005).

2. Christopher alleges that trial counsel was deficient for failing to object when the prosecutor injected her opinion about the veracity of the state's witnesses in closing argument. Specifically, Christopher contends that trial counsel should have objected to the prosecutor's statement that, "I don't think any of [the state's witnesses] purposely tried to lie to you about [who was standing where during the shooting]; they just don't know. They don't remember." Trial counsel testified that he did not believe that this was objectionable because this was not an emphatic statement of the prosecutor's opinion.

Contrary to Christopher's argument, this does not constitute the prosecutor's personal opinion regarding the veracity of the witnesses. *Jackson v. State*, 281 Ga. 705, 708 (6) (642 SE2d 656) (2007)

("A prosecutor's use of phrases such as 'I think' and 'I know' does not amount to an impermissible statement of personal opinion."). See also *Allen v. State*, 277 Ga. 502, 504 (3) (d) (591 SE2d 784) (2004) (in response to defendant's testimony that eyewitness had lied, prosecutor's statement that eyewitness had no reason to lie did not constitute the prosecutor's personal opinion regarding witness's veracity). "Counsel may address during closing argument the possible motives for a witness's testimony. Defense counsel's performance was not deficient for failing to object to the prosecutor's argument." (Citation omitted.) Id.

3. Christopher alleges that trial counsel was deficient for failing to object when, during closing argument, the prosecutor referred to facts not in evidence. He focuses on three comments. First, he argues that counsel should have objected to the prosecutor's statement, "[I]t wasn't the first time [Christopher] had beat [Coleshia Jones] up." He argues that no evidence was produced that Christopher had ever hit Coleshia Jones before.

The second comment was when the prosecutor stated, "Now according to the defendant's statement and some other hearsay statements that came in, Virgil Christopher was hit in the face. There is no evidence in this case that Virgil Christopher was hit in the face." Christopher argues that Coleshia Jones herself testified that she kicked Christopher in the face.

The final comment occurred when the prosecutor stated that a particular witness, "another one who falls apart as soon as she looks at this guy, told the agent that she had seen a gun also. Now, she changed her story on the stand and said no, that wasn't true, but that is what she told the GBI agent." Christopher argues that no evidence was admitted that the witness had made such a prior inconsistent statement.

Regarding these comments, trial counsel testified that generally, he does not object during the prosecutor's closing argument because the jurors

> may get a bad opinion about it and that may hurt your client. . . . And a lot of things you let slide because by the time you could get up and make an objection, they may be on to another point and then you are also going to draw emphasis to something that you may not want to and so it's obviously a strategy decision. . . .

He also acknowledged that attorneys have wide latitude to draw inferences, and he may look at something one way while the prosecutor may look at it another way. He testified that he should have objected to the first and third comments, but the second

comment — that no evidence showed Christopher had been hit when, in fact, testimony proved that he had been kicked — was not objectionable, as the difference between "kick" and "hit" was "semantics." Counsel did, in fact, make two objections on the ground that the prosecutor made other comments not supported by the evidence.

> That trial counsel now believes that he should have [made the two objections] does not mean that his representation fell outside of the broad range of reasonable professional conduct. A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight. Viewed without the distorting effects of hindsight, trial counsel's conduct was reasonable in this case.

(Citations and punctuation omitted.) *Cammer v. Walker*, 290 Ga. 251, 255 (1) (719 SE2d 437) (2011). "[T]he making of objections falls within the realm of trial tactics and strategy and thus usually provides no basis for reversal of a conviction." (Citation and punctuation omitted.) *Moon v. State*, 288 Ga. 508, 516 (9) (705 SE2d 649) (2011). "What is more, [Christopher] fails to make any showing that the prosecutor's statements were made in bad faith, and the jury was properly charged that opening statements and closing arguments by the attorneys were not evidence." (Citations omitted.) *Smith v. State*, 282 Ga. 388, 389-390 (2) (651 SE2d 28) (2007). Counsel's failure to make these objections was not deficient, and even if it were, it was not prejudicial.

4. Christopher argues that counsel was deficient for failing to impeach Kourtney Coley, a cousin of Coleshia Jones and Eli Jones, with his first-offender disposition on a drive-by shooting charge. Trial counsel testified at the motion for new trial hearing that he did not think he could show bias or prejudice because there was no indication that the first-offender disposition was in jeopardy, and therefore there was no reason for Coley to testify in a manner to help the state. "[W]hile evidence about the plea was inadmissible for impeachment purposes, it was admissible to show potential bias in favor of the [s]tate while the victim was still on probation under that plea." *Strong v. State*, 308 Ga. App. 558, 561-562 (707 SE2d 914) (2011). However, any deficiency in failing to show Coley's potential bias did not affect the outcome of the trial. Coley testified that he saw the red Impala coming down the street and that Christopher was driving. He testified that Eli Jones approached the car and told Christopher to stay away from Coleshia Jones. He testified that Eli Jones tried to open the car door and that he was unarmed. He

testified that a shot was fired from the car. He could not tell whether Christopher or Rongee Reese fired the shot. Then he ran and saw nothing more. Christopher admits that he was at the scene of the shooting, that he was driving the car, and that a gun was fired from the car. Coley's testimony did not differ from Christopher's theory of what happened in any material way.

> [E]ven if the jury decided to completely disregard [Coley's] testimony based on successful cross-examination, the testimony of [the] eyewitnesses remained. In light of the evidence, [Christopher is] not able to establish there is a reasonable probability that, but for the alleged deficient performance of trial counsel, the outcome of [his] trial would have been different.

(Citation and punctuation omitted.) *Strong*, 308 Ga. App. at 562.

5. In sum, we conclude that Christopher has not shown "both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense." *Hendricks v. State*, 290 Ga. 238, 241 (4) (719 SE2d 466) (2011). The trial lasted five days, and twenty-one witnesses testified. Trial counsel was highly experienced and qualified. The trial court observed that trial counsel fought "vigorously" on Christopher's behalf.

"In assessing the degree to which counsel's deficiencies might have prejudiced a petitioner's defense, we consider the cumulative effect of all of trial counsel's deficiencies within the context of everything that occurred at trial." *Humphrey*, 289 Ga. at 866 (II). Assuming that certain deficiencies occurred, Christopher has failed to show that there is a reasonable probability that the outcome of the trial would have been different absent the deficiencies. As noted above, he admits that he was at the scene of the shooting, that he was driving the car, and that a gun was fired from the car, and four eyewitnesses testified that he shot Eli Jones. Christopher has not shown "a reasonable probability sufficient to undermine confidence in the outcome that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different." (Citation and punctuation omitted.) *Moon*, 288 Ga. at 516 (9). We therefore affirm his conviction.

*Judgment affirmed. Andrews, J., concurs. Phipps, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 17, 2012 —
RECONSIDERATION DENIED MARCH 15, 2012 —

*Matthew T. Dale*, for appellant.

*Denise D. Fachini, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.