**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 5, 2016**

# In the Court of Appeals of Georgia

A16A0550. THE STATE v. ENICH.

BOGGS, Judge.

The State appeals from the trial court's order granting Eugene Enich's motion for new trial on the ground that Enich should have been allowed to impeach a prosecution witness with evidence of her pending first offender probation. The State contends that a new trial should not have been granted because the evidence was properly excluded at trial, and that in any event the error was harmless. We find that the trial court did not abuse its discretion in determining that the excluded evidence should have been admitted to show the witness' bias, and that the underlying error was not harmless. We therefore affirm the grant of a new trial.

Enich was tried and convicted of two counts of rape and two counts of child molestation. The evidence presented at trial showed that, in 2009, Enich, who is

mentally challenged,[1] moved in with the victim and the victim's mother, who was designated the payee on Enich's Social Security disability benefits. She received a lump sum of approximately $2,000, and monthly payments of between $400 and $700 thereafter. At some point, Enich's case was reevaluated and the payments stopped. A witness testified that Enich and the mother had a falling out in early 2010, and Enich called the witness to come pick him up; the mother called the witness and told her that Enich had accused her of "getting his assistance." A few days later, after Enich returned to the mother's house, he was charged with rape and child molestation after the mother called the police and told them Enich had tried to rape her daughter. The mother acknowledged that she and Enich had quarreled regarding her using some of his benefits to purchase her car, and she acknowledged that she was having financial difficulties, although she denied that "it cause[d] issues around the house."

During the trial, the trial court refused to allow Enich to introduce evidence that the victim's mother was serving a first offender probation for forgery and theft by receiving. The trial court acknowledged that Enich was entitled to introduce evidence of an ulterior motive or that the witness was attempting to "punish[]" Enich

---

[1]Evidence was introduced from a testing psychologist that his "full scale IQ" was 64. The witness described Enich as "mildly mentally challenged," with a mental age of between 11 and 14 years.

2

by causing her daughter to accuse him, but ruled that he could not use her first offender status to do so.

Enich made a proffer at trial that in late 2009, the mother was in significant financial difficulties, and allegedly possessed stolen property, passed forged checks, and applied for credit in the name of others in September, October, and November of 2009. On May 19, 2011, the mother was charged by accusation with two counts of forgery in the first degree, identity fraud, and theft by receiving stolen property, arising out of the 2009 incidents. On August 5, 2011, she pleaded guilty to one count of forgery and theft by receiving, and on August 30, 2011, she was sentenced to five years of probation under the First Offender Act. Enich's trial took place in mid-October of 2011.

Enich's amended motion for new trial was heard after the reassignment of the case to a successor judge. At the hearing on the motion, the successor judge received evidence regarding Enich's competence[2] and heard testimony from Enich regarding the handling of his case. Enich's trial counsel also testified at length with regard to their preparations for trial and their theory of the case. They believed that when Enich

---

[2]Enich's trial counsel testified that they sought a competency hearing and Enich was found competent to stand trial for the charges. Evidence regarding Enich's competence was excluded at trial.

accused the witness of stealing his benefits, she immediately pursued the charges against him in order to divert the State's attention from Enich's accusation and to avoid possible revocation of her first offender status for committing an additional theft "because rape is a louder word than theft."

In its order granting a new trial, the trial court concluded that Enich should have been allowed to present evidence of the mother's pending first offender sentence, because it showed bias in that she had a motive "to punish [the] accused or eliminate his ability to cause [her] trouble in the future" by inducing her child to accuse him. The court reasoned that if the jury had been made aware of the mother's criminal conduct "which involved misappropriation of the funds of others" it could have created a reasonable doubt as to Enich's guilt.

1. We first consider the appropriate standard of review.[3] "[T]he first grant of a new trial on special grounds involving a question of law is reviewable in a proper appeal." (Citation and punctuation omitted.) *O'Neal v. State*, 285 Ga. 361, 363 (677 SE2d 90) (2009).

---

[3]The State's brief did not include a statement of the applicable standard of review, as required by Court of Appeals Rule 25 (a) (3).

Where, as here, an appeal from the grant or denial of a motion for a new trial involves a mixed question of law and fact, we employ two different standards of review. We review de novo the trial court's decision as to any questions of law, while applying the clearly erroneous standard of review to any factual findings made by that court. In Georgia, it is well-settled that the "clearly erroneous" standard for reviewing findings of fact is equivalent to the highly deferential "any evidence" test. Thus, we will uphold the trial court's factual findings if there is any evidence to support them, and we defer to the trial court's credibility determinations.

(Citations and punctuation omitted.) *Wedel v. State*, 328 Ga. App. 28 (761 SE2d 454) (2014) (right of defendant to be present). Compare *State v. Oliver*, 326 Ga. App. 759, 761-762 (2) (755 SE2d 293) (2014) (when substitute trial judge treats evidentiary question as "purely legal issue, and he did not receive any evidence or make any findings of fact," de novo standard applies.) Here, the successor judge heard testimony from trial counsel and from Enich himself, and made findings of fact. We therefore apply the dual standard of review as outlined in *Wedel*.

2. With this standard in mind, we turn to the issue presented here.

The successful completion of probation as a first offender shall not be considered a criminal conviction and cannot be used to impeach a witness on general credibility grounds. Because first offender status is not considered an adjudication of guilt, a witness also may not be

5

impeached on general credibility grounds with a first offender sentence that is currently being served. When the impeachment is to show bias, however, we have previously held that the Confrontation Clause of the Sixth Amendment permits a defendant in a criminal case to cross-examine witnesses about their first offender status. The Sixth Amendment right of confrontation is not absolute, and trial courts retain broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion, repetition, or irrelevant evidence.

(Citations and punctuation omitted.) *Sanders v. State*, 290 Ga. 445, 446 (2) (721 SE2d 834) (2012). See also *Melson v. State*, 263 Ga. App. 647, 648 (2) (588 SE2d 822) (2003).

By means of such cross-examination, the defendant is entitled to attack the credibility of the witness by showing that the pending charges reveal a possible bias, prejudice, or ulterior motive on the part of the witness to give untruthful or shaded testimony in an effort to please the State. Whether the witness is testifying pursuant to a deal with the State relating to the pending charges is not crucial to the right to conduct such cross-examination. Rather, the defendant is entitled to show by cross-examination that the witness may be shading his testimony in an effort to curry favor from the State. A desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the State nevertheless may cloud perception.

6

(Citations and punctuation omitted.) *Scott v. State*, 242 Ga. App. 850, 851-852 (527 SE2d 210) (1999) (first offender probation), citing *Hines v. State*, 249 Ga. 257, 260 (2) (290 SE2d 911) (1982) (pending criminal charges). "While evidence about the plea was inadmissible for impeachment purposes, it was admissible to show potential bias in favor of the [S]tate while the victim was still on probation under that plea." (Citation and punctuation omitted.) *Christopher v. State*, 314 Ga. App. 809, 814 (4) (726 SE2d 411) (2012) (physical precedent only). And when a trial court "cut[s] off *in limine* all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination" it is "an abuse of discretion and prejudicial error." (Citations and punctuation omitted.) *Hines*, supra, 249 Ga. at 260 (2).

We note that, in the context of an unsuccessful claim of ineffective assistance of counsel, we have suggested that potential impeachment for bias is limited to cases in which "the witness may have received special, first offender treatment in exchange for testimony favorable to the State." *Crapps v. State*, 329 Ga. App. 820, 829 (3) (c) (766 SE2d 178) (2014).[4] But this statement was dicta, because in *Crapps* we concluded that any attempt to impeach the witness would have been merely on

---

[4]Such a holding would conflict with our Supreme Court's observation in *Hines*, supra, that "[w]hether or not such a deal existed is not crucial. [Cit.]" 249 Ga. at 260 (2).

7

general credibility grounds, not to show bias, prejudice, or ulterior motive, and that counsel was not ineffective in failing to proffer such inadmissible evidence. Id. In so concluding, we cited *Jackson v. State*, 316 Ga. App. 588, 593-594 (4) (730 SE2d 69) (2012), in which we also found that the trial court correctly excluded evidence of a witness' first offender plea because appellant had only attempted to impeach on general credibility grounds.[5]

Moreover, a trial court's denial of a motion for new trial on the ground of ineffective assistance, as in *Crapps*, supra, "will be affirmed unless clearly erroneous," (citations and punctuation omitted), *Ansley v. State*, 325 Ga. App. 226, 234 (4) (750 SE2d 484) (2013), and the same deferential standard applies to the trial court's factual findings with respect to the admission of evidence of first offender probation. For example, in *Hall v. State*, 335 Ga. App. 895, 897 (1) (783 SE2d 400) (2016), the trial court denied Hall's motion for new trial after the State was allowed to cross-examine a defense witness for bias by introducing evidence of her pending

---

[5] In *Jackson*, the witness had successfully completed his probation and had been discharged without an adjudication of guilt before he testified. 316 Ga. App. at 593 (4). Similarly, in *Redding v. State*, 296 Ga. 471, 474 (3) (769 SE2d 67) (2015), cited by the State, no evidence was offered to show that the prosecution witness actually was on probation at the time of trial, nor to show "any connection between the witness's purported first offender status and his motivation to give testimony favorable to the State." (Citation and punctuation omitted.) Id.

first offender probation. This witness' testimony was not favorable to the State, and the witness did not testify in an attempt to "receive special, first offender treatment" in her pending case or to ingratiate herself with the State. Id. at 896 (1). We concluded, however, that the trial court acted within its discretion in allowing the State to show that the witness was biased in favor of Hall because he "had previously attempted to shield her in an unrelated criminal matter," citing former OCGA § 24-9-68 ("The state of a witness's feelings toward the parties and his relationship to them may always be proved for the consideration of the jury") and *Melson*, supra. 335 Ga. App. at 896-897 (1), citing 263 Ga. at 648 (2).

Here, the earlier theft-related offenses to which the mother pled guilty were committed before the time of her quarrel with Enich and his accusation that she had misappropriated his benefits. Shortly thereafter, the mother initiated the charges against Enich. Moreover, she pled guilty to two of the 2009 offenses and received first offender probation immediately before Enich's trial. This evidence provides some support for the trial court's conclusion that the excluded first offender status of the mother could have demonstrated bias on her part. As the trial court observed, the accusation could have been motivated by a desire to punish Enich, or to "eliminate

9

his ability to cause [the witness] trouble in the future" with a charge of theft that could affect the mother's very recent first offender probation on theft-related charges.

Nor can we agree with the State that evidence of Enich's guilt was overwhelming.

> Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. The burden rests with the prosecution in making this showing. The fact that there was other sufficient evidence to convict does not make the error harmless; rather, the test is whether the evidence may have influenced the jury's verdict.

(Citations and punctuation omitted.) *Mangum v. State*, 274 Ga. 573, 577 (2) (555 SE2d 451) (2001). A physician who examined the victim testified that he found no physical evidence, and acknowledged that "the findings don't tell us one way or the other." Testimony was presented that the victim recanted her accusation and gave inconsistent statements regarding when the incidents occurred. While Enich made admissions to police in a third interview after initially denying the allegations, those admissions were disputed because of Enich's mental limitations and the alleged repeated, aggressive questioning by police. To the extent that the State contends the error was harmless because Enich was allowed to introduce evidence of the witness'

10

financial difficulties, such evidence is not the equivalent of testimony that a witness repeatedly resorted to criminal conduct to alleviate those difficulties. The State has therefore failed to show that the trial court's refusal to allow any cross examination with regard to the mother's first offender probationary status was harmless beyond a reasonable doubt.

Under the applicable standard of review, we must therefore affirm the conclusion of the trial court that a new trial is required.

*Judgment affirmed. Barnes, P. J., and Rickman, J., concur.*